**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

DEMOCRACY FORWARD FOUNDATION
1333 H St. NW
Washington, DC 20005,

       *Plaintiff,*

    v.

U.S. DEPARTMENT OF EDUCATION
400 Maryland Avenue, SW
Washington, D.C. 20202,

      *Defendants.*

Case No.

---

## COMPLAINT

1.     Pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), Plaintiff Democracy Forward Foundation brings this action against Defendant the U.S. Department of Education (the "Department") to compel the production of records that will illuminate the ties between senior Department officials, underperforming and deceptive for-profit colleges, and indifferent accreditors.

2.     Specifically, Plaintiff seeks records disclosing communications involving Diane Jones, Senior Advisor to the Assistant Secretary for Postsecondary Education at the Department, Robert Eitel, Senior Counselor to Secretary Betsy DeVos, and for-profit colleges and accreditors. Jones and Eitel each have extensive, well-documented histories of contacts, affiliations, and public positions that align with the interests of the for-profit education industry. In particular, Jones—a longtime lobbyist for and advisor to for-profit institutions—has repeatedly criticized the Department for "requiring accreditors to jump through an ever-changing and ever-expanding

1

set of hoops in order to gain or maintain the Department's recognition."[1]

3.      These records are of significant public importance. Jones and Eitel are senior advisors within the Department tasked with making policy to govern the very institutions and organizations they have represented throughout their careers. Indeed, Jones and Eitel have played critical roles in weakening the rules that govern for-profit colleges during their time at the Department.[2] Students, parents, and other stakeholders have a right to know how Jones's and Eitel's connections may influence their decisionmaking.

4.      Moreover, many of these records pertain to potential ties between Jones and the Accrediting Council for Independent Colleges and Schools ("ACICS"), an accreditor that lost its federal recognition in December 2016 in light of "the nature and scope of its pervasive noncompliance."[3] That decision was subsequently remanded to the Department for further consideration of ACICS's petition. Jones is now the senior Department official tasked with recommending a disposition to the Secretary—giving her ties to ACICS even greater importance.

5.      Despite the significance of these records, Defendant has failed to sufficiently respond to Plaintiff's request. Plaintiff therefore respectfully requests that the Court compel Defendant to comply with FOIA and produce all responsive, non-exempt records.

**JURISDICTION AND VENUE**

6.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

---

[1]   Diane Auer Jones, *The Changing Role of Accreditation and the Department of Education: Benefit or Menace?*, Am. Acad. for Liberal Educ. 4 (Apr. 2014), https://www.aale.org /docs/AuerJones.2014.pdf.

[2]   Letter from Sen. Richard Blumenthal, et al., to Sec'y of Educ. Betsy DeVos 1-2 (Apr. 26, 2018), https://www.blumenthal.senate.gov/imo/media/doc/04.26.2018%20-%20DeVos%20- %20Jones%20Conflicts%20of%20Interest.pdf [hereinafter "Senators' Letter"].

[3]   Decision of the Secretary at 1, Accrediting Council for Indep. Colls. & Schs., U.S. Dep't of Educ., No. 16-44-O (Dec. 12, 2016), https://www2.ed.gov/documents/acics/final-acics-decision.pdf.

and 28 U.S.C. § 1331.

7.      Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

8.      Because Defendant has failed to comply with the applicable time limit provisions of FOIA, Plaintiff is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

## PARTIES

9.      Plaintiff Democracy Forward Foundation is a not-for-profit organization incorporated under the laws of the District of Columbia and based in Washington, D.C. Plaintiff works to promote transparency and accountability in government, in part, by educating the public on government actions and policies.

10.     Defendant the U.S. Department of Education is a federal agency within the meaning of FOIA (*see* 5 U.S.C. § 552(f)(1)) that is headquartered in Washington, D.C., and has possession, custody, and control of records to which Plaintiff seeks access.

## JONES'S AND EITEL'S CONNECTIONS
## TO THE FOR-PROFIT EDUCATION INDUSTRY

11.     Diane Jones currently serves as the Senior Advisor to the Assistant Secretary for Postsecondary Education at the Department.[4] In that capacity, she serves as the senior Department official that issues recommendations and decisions concerning whether accreditors of higher educational institutions should receive federal recognition.[5]

12.     Throughout her career, Jones has maintained extensive ties to the for-profit education industry and "a history of participating in the revolving door of government and

---

[4]      Senators' Letter at 1; *see also Diane Jones*, LinkedIn, https://www.linkedin.com/in /dianeauerjones (last visited July 2, 2018).

[5]      Memorandum from Frank Brogan to Diane Jones (Apr. 9, 2018), https://www2.ed.gov/about /offices/list/om/docs/delegations/edep394.doc

lobbying."[6]

13.     From 2010 to 2015, Jones served as the Senior Vice President and Chief External

Affairs Officer at Career Education Corporation ("CEC"), a for-profit college operator. CEC has

been investigated by the Federal Trade Commission, the Securities and Exchange Commission,

and more than twenty states—paying out several multi-million-dollar settlements.[7] During

Jones's time at CEC, ACICS accredited over 70 of CEC's roughly 80 campuses.[8] In 2014, Jones

also appeared on an ACICS-sponsored panel advocating for less stringent review of for-profit

colleges and accreditors.[9]

14.     From 2015 to 2017, Ms. Jones served as president of AJsquared Consulting,[10] a

firm that purports to "work[] with public, private and proprietary institutions of higher education

to help them… ensure federal, state and accreditor compliance."[11] In that role, she lobbied on

behalf of the Association of Private Sector Colleges and Universities, which includes many

ACICS-accredited schools, and served as an expert witness defending the Center for Excellence

in Higher Education, a chain of for-profit colleges.[12]

15.     Jones previously served in the Department during the George W. Bush

Administration as the Assistant Secretary for Postsecondary Education.[13] Jones herself has

acknowledged that she resigned from that role "in large part [due to a] repeated inability to

---

[6]   Senators' Letter at 1.

[7]   *Id.* at 2-3.

[8]   *Id.* at 1.

[9]   *See How 'Gainful Employment' Fits in the Toolbox for Measuring Institutional Effectiveness*, ACICS 3 (2014), http://www.acics.org/WorkArea/DownloadAsset.aspx?id=6231.

[10]  Senators' Letter at 2.

[11]  *See AJsquared Consulting*, LinkedIn, https://www.linkedin.com/company/ajsquared-consulting/ (last visited on July 2, 2018).

[12]  Senators' Letter at 2.

[13]  *Id.* at 1.

soften the department's treatment of colleges through the accreditation process."[14] Indeed, in 2014 she opined that the Department "is requiring accreditors to jump through an ever-changing and ever-expanding set of hoops in order to gain or maintain the Department's recognition," as explained above.[15]

16.     In April 2017, Robert Eitel was appointed by Secretary DeVos to serve as Senior Counselor to the Secretary.[16]

17.     Even before his appointment as Senior Counselor, Eitel served as a special assistant to Secretary DeVos. At the same time, Eitel remained employed by Bridgepoint Education, Inc.—a for-profit college operator—where he served as a vice president for regulatory legal services.[17] Eitel joined the Department just as it began "setting out to roll back regulations governing the for-profit college sector."[18]

18.     Bridgepoint and/or the schools it operates have been the subject of numerous state and federal investigations, audits, and lawsuits, including: an investigation by the Department of Justice regarding whether it violated limits on federal student loan revenue; investigations by the SEC and attorneys general in California and Massachusetts regarding its accounting practices; an audit by the Department of Education regarding Bridgepoint's alleged miscalculation of federal student aid eligibility, which showed that Bridgepoint owed the Department $300,000; and

---

[14]  Paul Basken, *Liberal Arts Undervalued by Education Department, Official Says After Quitting*, Chron. of Higher Educ. (June 27, 2008), https://www.chronicle.com/article/Liberal-Arts-Undervalued-by/940.

[15]  Jones, *supra* note 1, at 4.

[16]  *U.S. Secretary of Education Announces Chief of Staff and Additional Staff Hires*, U.S. Dep't of Educ. (Apr. 12, 2017), https://www.ed.gov/news/press-releases/us-secretary-education-announces-chief-staff-and-additional-staff-hires.

[17]  *See, e.g.,* Patricia Cohen, *Betsy DeVos's Hiring of For-Profit College Official Raises Impartiality Issues*, N.Y. Times, Mar. 17, 2017, https://www.nytimes.com/2017/03/17/business/education-for-profit-robert-eitel.html.

[18]  *Id.*

lawsuits by the Consumer Financial Protection Bureau and the attorney general of Iowa

regarding its deceptive advertising practices, which yielded settlements of $23.5 million (and a

$8 million civil penalty) and $7.25 million, respectively.[19]

19.     Before moving to Bridgepoint, Eitel worked as the executive director of CEC's

political action committee.[20] He also served in the Department during the George W. Bush

Administration as a Department lawyer.[21]

20.     Like Jones, Eitel has "accus[ed] the [D]epartment of exceeding its authority," and

"has been a stalwart critic of federal regulation of … for-profit colleges."[22] To that end, Eitel

"helped dismantle regulations designed to protect students defrauded by for-profit colleges into

taking out five-figure loans on promises that they would get good jobs—a move that could

benefit his former employers."[23] At the time, "Eitel's former employers [were] facing a total of

1,400 claims."[24]

21.     Despite their extensive connections to the for-profit college industry, Jones and

Eitel remain employed in senior positions at the Department and will continue to exert influence

over the regulations governing for-profit colleges.

## PLAINTIFF'S FOIA REQUEST

22.     On June 4, 2018, Plaintiff submitted a FOIA request to the Department, seeking

---

[19]   *Id.*

[20]   *Id.*

[21]   *Id.*

[22]   *Id.*

[23]   Erin Dooley, *Exclusive: Former For-Profit College Executive Shaped Education Department Policy that Could Benefit Former Employers: Documents*, ABC News (May 15, 2018), https://abcnews.go.com/US/exclusive-profit-college-executive-shaped-education-department-policy/story?id=55108981.

[24]   Avery Anapol, *Education Official Who Helped Craft Student Loan Policy Was For-Profit College Exec: Report*, The Hill (May 15, 2018), http://thehill.com/business-a-lobbying/387709-education-dept-official-who-helped-shape-delay-of-student-loan.

the following records for the time period of January 20, 2017 to the date the search is conducted:

a.   All correspondence sent to or from Diane Auer Jones that contains any of the following search terms: Accrediting Council for Independent Colleges and Schools, ACICS, accreditation, gainful employment, GE, borrower defense, BD, Corinthian, ITT Technical Institute, ITT Tech, National Advisory Committee on Institutional Quality and Integrity, NACIQI, Career Education Colleges and Universities, CECU, Steve Gunderson, Associate of Private Sector Colleges and Universities, APSCU, American Academy for Liberal Education, AALE, Career Education Corporation, CEC, CAPPS, California Association of Private Postsecondary Schools;

b.   All correspondence sent to or from Robert Eitel that includes any of the following search terms: Accrediting Council for Independent Colleges and Schools, ACICS, accreditation, gainful employment, GE, Corinthian, ITT Technical Institute, National Advisory Committee on Institutional Quality and Integrity, NACIQI, Career Education Colleges and Universities, CECU, Steve Gunderson, Diane Jones, Diane Auer Jones, University of the Rockies, Ashford University, American Academy for Liberal Education, AALE.

c.   All correspondence sent to or from Robert Eitel from Diane Auer Jones. This request includes all emails sent from Ms. Jones' Department of Education email address, U.S. Department of Labor email address, and personal email address.

d.   All records discussing or revealing communications with the Accrediting Council for Independent Colleges and Schools (ACICS), including any correspondence with employees or persons affiliated with ACICS, with email addresses containing the "@acics.org" domain, or identifying ACICS by name.

23.   Plaintiff sought a waiver of search and duplicating fees under 5 U.S.C.

§ 552(a)(4)(A)(iii), which requires a fee waiver if the disclosure is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."

24.   On June 6, 2018, the Department confirmed receipt of Plaintiff's FOIA request and assigned it a tracking number of 18-02074-F.

25.   As of the date of this Complaint, Defendant has failed to notify Plaintiff whether it will comply with Plaintiff's FOIA request (*see* 5 U.S.C. § 552(a)(6)(A)(i)), whether it will

produce all requested records, or whether it will demonstrate that they are lawfully exempt from production (*see id.* § 552(a)(6)(C)). Nor has Defendant notified Plaintiff of the scope of any responsive records Defendant intends to produce or withhold, and the reasons for any withholdings, or informed Plaintiff that it may appeal any adequately specific, adverse determination.

26.     Because Defendant has "fail[ed] to comply with the applicable time limit provisions" of the FOIA, even with the benefit of any extensions of time that Defendant might have claimed, Plaintiff is "deemed to have exhausted [its] administrative remedies." *See id.* § 552(a)(6)(C)(i).

## CLAIM FOR RELIEF

### Count One (Violation of FOIA, 5 U.S.C. § 552)

27.     Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

28.     By failing to respond to Plaintiff's request within the statutorily prescribed time limit, Defendant has violated its duties under FOIA, including but not limited to its duties to conduct a reasonable search for responsive records and to produce all responsive, reasonably segregable, non-exempt information.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1.     order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request using search methods reasonably likely to lead to discovery of all responsive records;

2.     order Defendant to produce, by a date certain, any and all non-exempt responsive

records and a *Vaughn* index of any responsive records withheld under a claim of exemption;

3.    enjoin Defendant from continuing to withhold any and all non-exempt responsive records;

4.    order Defendant to grant Plaintiff's request for a fee waiver;

5.    award Plaintiff its attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

6.    grant Plaintiff such other relief as this Court deems just and proper.

Dated: July 5, 2018

Respectfully submitted,

*/s/ John T. Lewis*
Javier M. Guzman, D.C. Bar No. 462679
John T. Lewis, D.C. Bar No. 1033826
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
jguzman@democracyforward.org
jlewis@democracyforward.org

*Counsel for Plaintiff*