IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY FORWARD FOUNDATION,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br><br>*Defendant*. | Case No. 1:18-cv-1596 (APM) |

**PLAINTIFF'S STATUS REPORT**

Plaintiff respectfully submits this status report. Counsel for the parties met and conferred by telephone on August 23, 2019, and were unable to reach an agreement on further proceedings in this matter.

1.  In its November 5, 2018 status report, Defendant reported that it had completed three of four searches for Plaintiff's FOIA request. Those three searches resulted in a total of 3,136 "emails" and 3,718 "items." ECF No. 9 at 1. In that status report, Defendants proposed a processing rate of 400 "records" per month. *Id.*

2.  Plaintiff proposed a processing rate of 750 "records" per month. *Id.* at 3. Plaintiff understood the terms "record" and "item"—which includes both "emails" and other items, like calendar entries and attachments—to be interchangeable. Plaintiff further understood "email" to carry its common usage: an individual message. On Plaintiff's proposed schedule, production of the first three searches would have been complete in approximately five months.

3.  Plaintiff proposed that production rate because these records are essential to the public's understanding of the connections between top Department officials and for-profit

colleges and accreditors, especially considering that one of the subjects of the request, Diane Jones, had recently recommended that the Department grant recognition to the Accrediting Council for Independent Colleges and Schools ("ACICS"), an accreditor of for-profit colleges. *Id.* at 2-3. Since then, Secretary DeVos has approved Ms. Jones's recommendation. Both determinations are the subject of ongoing investigations by Department and congressional officials. Plaintiff is also among the counsel of record for the plaintiffs in *Passut v. DeVos*, No. 1:19-cv-1606 (D.D.C), which challenges the Department's decision to provisionally recognize ACICS during the pendency of its recognition proceedings.

4. In its Minute Order of November 7, 2018, the Court ordered Defendant to process potentially responsive records at a rate of 500 "emails" per month, noting that, "[a]t that pace, Defendant should complete processing records in approximately six months." On that schedule, production of records responsive to the first three searches would have been complete by June or July of 2019.

5. On August 1, 2019, counsel for Plaintiff emailed counsel for Defendant to ask where things stand for the remaining production. The next day, agency counsel for Defendant responded and informed that 3,459 "pages" remained to be processed.[1] The parties continued to

---

[1] Defendant has raised the number of pages twice before. In an email dated December 13, 2018, counsel for Defendant reported that the 3,000 emails translated to over 100,000 pages. In a call that day, however, the parties agreed to temporarily withhold attachments, which had inflated the number of pages, and did not move the Court to adjust the rate of production. Then, in an email dated June 4, 2019, agency counsel for Defendant reported that there were 4,703 pages remaining to be processed. Agency counsel was unable to provide an estimate for how many emails that meant. Because production was not slated to be complete for at least one or two more months, Plaintiff was not yet aware of the misunderstanding concerning "emails" identified here, nor how much longer production would take given Defendant's internal production rate.

discuss the matter via email over the next two weeks. Counsel for Plaintiff and Defendant eventually scheduled a call for August 23 to discuss the matter more fully.

6. During that call, counsel for Defendant informed counsel for Plaintiff that the 3,136 figure in Defendant's status report, upon which the parties based their competing production rates, actually referred to "strings of emails" within Defendant's FOIA-processing software.[2] However, Defendant interpreted the Court's November 7, 2018 Minute Order to require production of 500 "individual emails" per month.

7. Defendant asked Plaintiff to agree to a rate of 500 pages per month, under which production would be complete in no less than seven additional months, or to a rate of 700 pages per month, under which production would be complete in no less than five additional months. Plaintiff requested a rate between 900-1000 pages. The parties could not reach an agreement on a rate of production moving forward.

8. Had Defendant produced the 3,136 "emails" at a rate of 500 "emails" per month, production of the first three searches would have been complete by now. The delay in production of these records is especially important given their significance to the public's understanding of recent, ongoing Department conduct.

9. Plaintiff asks that the Court order Defendant to complete its production of records by a date certain, which Plaintiff would propose as November 22. However, if the Court is inclined to order a rate of production based on pages, Plaintiff would propose that the rate be set at 1,000 pages per month. While 500 pages per month is considered presumptively reasonable, *see Middle E. Forum v. U.S. Dep't of Homeland Sec.*, 297 F. Supp. 3d 183, 187 & n.3 (D.D.C.

---

[2] During that call, Defendant also informed Plaintiff that it is in the process of completing the fourth search, and will then inform Plaintiff of the number of records responsive to that search.

2018), courts have ordered higher rates where warranted, *see, e.g.*, *Seavey v. Dep't of Justice*, 266 F. Supp. 3d 241, 248 (D.D.C. 2017); *Clemente v. Fed. Bureau of Investigation*, 71 F. Supp. 3d 262, 269 (D.D.C. 2014).

For these reasons, Plaintiff respectfully requests that the Court order Defendant to complete production by November 22, or to produce responsive records at a rate of 1,000 pages per month.

Dated: August 23, 2019                    Respectfully submitted,

/s/ *John T. Lewis*

John T. Lewis (D.C. Bar No. 1033826)
Democracy Forward Foundation
1333 H St. NW
Washington, DC 20005
(202) 448-9090
jlewis@democracyforward.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2019, I electronically filed a copy of the foregoing. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM-ECF system.

/s/ *John T. Lewis*
John T. Lewis